IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD THOMAS,

        Plaintiff,

  v.

M. SEPULVEDA and DARRIN BRIGHT,

        Defendants.

Case No.: C 14-1157 CW (PR)

ORDER OF SERVICE; DENYING MOTIONS TO ADD DEFENDANTS AND FOR PRELIMINARY INJUNCTION; DIRECTING PARTIES TO FILE CONSENT OR DECLINATION TO MAGISTRATE JUDGE JURISDICTION

Doc. no. 4

## INTRODUCTION

Plaintiff, a state prisoner incarcerated at Corcoran State Prison, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by prison officials and medical staff at Salinas Valley State Prison (SVSP), where he was previously incarcerated. He has also filed a motion for leave to proceed in forma pauperis, which is granted in a separate order, and a motion to add additional defendants and for a preliminary injunction. For the reasons discussed below, his motion to add defendants and for a preliminary injunction is DENIED. The Court now reviews Plaintiff's complaint.

## DISCUSSION

I.   Standard of Review

A federal court must conduct a preliminary screening in any

case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

II. Plaintiff's Claims

Plaintiff alleges that, in 1989, he was shot, and in 2003, 2007 and 2008, he was injured by correctional officers. As a result of these injuries he suffers from pain in his mid-back, lower-back and left shoulder and from paralysis in his left lower extremities. As a result of these symptoms, Plaintiff requires the use of a cane, back and knee braces, and a waistchain accommodation because he cannot place his hands behind his back. Plaintiff also needs a bottom tier cell because walking up stairs or an incline causes the vertebrae in his lower back to rub together, which causes excruciating pain. He also needs soft-soled shoes.

On September 9, 2010, Plaintiff was examined by Defendant Darrin Bright, the SVSP Americans with Disabilities Act (ADA) Coordinator. Without physically examining Plaintiff, Defendant Bright decided to cancel all of Plaintiff's medical mobility assistance devices. Plaintiff personally had paid for two back braces and two orthopedic knee braces which Bright denied to Plaintiff.

On October 11, 2010, Defendant M. Sepulveda, SVSP Chief Medical Officer, denied Plaintiff's appeal of Bright's decision at the second level of review.

Liberally construed, the complaint alleges that Plaintiff has serious medical needs and that Defendants were deliberately indifferent to those needs. Therefore, the complaint appears to allege against both Defendants an Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs.

III. Motion for Preliminary Injunction and to Add Defendants

Plaintiff moves to add individuals who are employed at Corcoran State Prison, where Plaintiff is presently incarcerated, as defendants in this action and for the issuance of a preliminary injunction against them.

This motion is denied. Corcoran State Prison is located in the Eastern District of California and, because the events or omissions giving rise to Plaintiff's claims against the Corcoran State Prison employees occurred in the Eastern District, the proper venue for a civil action against them is in the Eastern District, not the Northern District. See 28 U.S.C. § 1391(b). Plaintiff may file a civil rights action against these individuals in the Eastern District.

3

Because Plaintiff's motion for a preliminary injunction is directed at individuals at Corcoran State Prison, who are not parties to this action, this motion is denied without prejudice so that Plaintiff may re-submit it if he files an action against these individuals in the Eastern District.  <u>See</u> Fed. R. Civ. P. 65(d) (injunction is binding only on parties to the action, their officers, agents, servants, employees and attorneys).

IV.   Consent or Declination to Proceed Before Magistrate Judge

In order to encourage the just, speedy and inexpensive determination of 42 U.S.C. § 1983 cases filed in this district, the parties may waive their right to proceed before a district judge and consent to proceed before a magistrate judge for all purposes.  Attached to this Order is a Notice of Option to Consent to Proceed Before United States Magistrate Judge and an Order requiring the parties to notify the Court whether they consent or decline to so proceeding.  The parties shall complete the requisite consent or declination form and return it to the Court as set forth in paragraph 4 of the Conclusion of this Order.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion to add defendants and for a preliminary injunction is DENIED.  Doc. no. 4.

2.   Plaintiff states a cognizable claim for deliberate indifference to his serious medical needs against Defendants Bright and Sepulveda.

The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, <u>a copy of the Complaint (Docket no. 1) and all attachments thereto and a copy of this Order to SVSP</u>

4

1 Defendants Darrin Bright and M. Sepulveda.  The Clerk shall also
2 mail a copy of the complaint and a copy of this Order to the State
3 Attorney General's Office in San Francisco, and a copy of this
4 Order to Plaintiff.

5     3.   Defendants are cautioned that Rule 4 of the Federal
6 Rules of Civil Procedure requires them to cooperate in saving
7 unnecessary costs of service of the summons and complaint.
8 Pursuant to Rule 4, if Defendants, after being notified of this
9 action and asked by the Court, on behalf of Plaintiff, to waive
10 service of the summons, fail to do so, they will be required to
11 bear the cost of such service unless good cause be shown for their
12 failure to sign and return the waiver forms.  If service is
13 waived, this action will proceed as if Defendants had been served
14 on the date that the waiver is filed, except that pursuant to Rule
15 12(a)(1)(B), Defendants will not be required to serve and file an
16 answer before sixty days from the date on which the request for
17 waiver was sent.  (This allows a longer time to respond than would
18 be required if formal service of summons is necessary.)

19     Defendants are advised to read the statement set forth at the
20 foot of the waiver form that more completely describes the duties
21 of the parties with regard to waiver of service of the summons.
22 If service is waived after the date provided in the Notice but
23 before Defendants have been personally served, the answer shall be
24 due sixty days from the date on which the request for waiver was
25 sent or twenty days from the date the waiver form is filed,
26 whichever is later.

4.   No later than <u>thirty</u> days from the date of this Order, all parties shall file their consent or declination to proceed before a United States Magistrate Judge.

5.   The following briefing schedule shall govern dispositive motions in this action:

a.   No later than <u>thirty</u> days from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decisions in <u>Woods v. Carey</u>, 684 F.3d 934 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion or other dispositive motion.

b.   Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than <u>twenty-eight</u> days after the date on which Defendants' motion is filed.

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party

6

opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c.   Defendants **shall** file a reply brief no later than **fourteen** days after the date Plaintiff's opposition is filed.

    d.   The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

7. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. It is Plaintiff's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate document entitled, "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.

9. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time

7

must be filed no later than <u>fourteen</u> days prior to the deadline sought to be extended.

    10.  This Order terminates docket no. 4.

    IT IS SO ORDERED.

Dated: 6/12/2014

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE