1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7    EDWARD THOMAS,                    Case No.  14-cv-01157-CW

8             Plaintiff,
                                       ORDER GRANTING MOTION TO
9         v.                           REVOKE IN FORMA PAUPERIS
                                       STATUS; GRANTING MOTION TO
10   M. SEPULVEDA, et al.,             STRIKE SECONDARY REPLY; AND
                                       DISMISSING COMPLAINT
11            Defendants.
                                       Re: Dkt. Nos. 17 and 27

12

13        Plaintiff, a state prisoner incarcerated at Corcoran State

14   Prison, has filed a pro se civil rights action pursuant to 42

15   U.S.C. § 1983, alleging the violation of his constitutional

16   rights by prison officials and medical staff at Salinas Valley

17   State Prison (SVSP), where he was previously incarcerated.  On

18   June 12, 2014, the Court issued an order of service and granted

19   Plaintiff's motion to proceed in forma pauperis (IFP).  On August

20   26, 2014, Defendants moved, under 28 U.S.C. § 1915(g), to revoke

21   Plaintiff's IFP status.  After the motion was fully briefed,

22   Plaintiff filed a "secondary reply" to the summary judgment

23   motion and, on October 15,2014, Defendants filed a motion to

24   strike the "secondary reply."  Because Plaintiff did not seek

25   approval from the Court to file a further pleading, see Civ. L.R.

26   7-3(d) (after reply is filed, no additional documents may be

27   filed without prior Court approval), and because Plaintiff merely

28   repeats arguments from his opposition, Defendants' motion to

     strike the "secondary reply" is granted.  For the reasons

United States District Court
Northern District of California

discussed below, Defendants' motion to revoke Plaintiff's IFP status is granted.

DISCUSSION

I. Legal Standard

A prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

For purposes of a dismissal that may count under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'"  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted).  Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes, so the mere fact that a plaintiff has filed many cases does not alone warrant dismissal under § 1915(g).  Id.  Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was

frivolous, malicious or failed to state a claim." Id.

II. Plaintiff's Strikes

Defendants request that the Court take judicial notice, under Federal Rule of Evidence 201, of court records from two prior cases that Plaintiff brought in federal court:  (1) Ex. A, Thomas v. Felker, 09-cv-2486-FEB-CKD-P (E.D. Cal.), (a) June 11, 2012 findings and recommendation that IFP status be revoked; (b) July 19, 2012 order revoking IFP status; (c) October 12, 2012 findings and recommendation to dismiss for failure to pay filing fee; and (d) November 8, 2012 order of dismissal and judgment; and (2) Ex. B, Thomas v. Beutler, 10-cv-1300-MCE-CKD (E.D. Cal.), (a) November 7, 2012 findings and recommendation that IFP status be revoked; (b) December 20, 2012 order revoking IFP status; (c) March 28, 2013 order of dismissal for failure to pay filing fee and judgment.  Defendants also request that the Court take judicial notice of Ex. C, orders issued in the Ninth Circuit case, In re Edward Thomas, case no. 09-80085: (1) December 22, 2009 order for Plaintiff to show cause why the court should not enter a pre-filing review order; (2) February 9, 2010 order directing clerk to enter pre-filing review order; (3) September 6, 2012 order reviewing, under pre-filing order, appeal in Thomas v. Felker, case no. 09-2486-GEB-CKD, and finding it "so insubstantial" that it was not permitted to proceed; (4) December 13, 2012 order reviewing, under pre-filing order, second appeal in Thomas v. Felker, case no. 09-2486-GEB-CKD, and finding it "so insubstantial" that it was not permitted to proceed; (5) March 28, 2013 order reviewing, under pre-filing order, appeal in

United States District Court
Northern District of California

3

United States District Court
Northern District of California

Thomas v. Beutler, case no. 10-1300-MCE-CKD, and finding it "so insubstantial" that it was not permitted to proceed.

The request for judicial notice (RJN) of these court records is GRANTED.  See Fed. R. Evid. 201(b)(2); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980)(court may take judicial notice of public records, including its own records and records of other courts).

In Thomas v. Felker and Thomas v. Beutler, the district court in the Eastern District of California found that Plaintiff had filed three previous lawsuits that qualify as strikes under 28 U.S.C. § 1915(g) and, therefore, denied his request to proceed IFP.  See Defs' Request for Judicial Notice (RJN), Exs. A, B. The Court reviews the three cases that Felker and Beutler determined were strikes under § 1915(g) and also finds that they are strikes.

The first case the Eastern District court determined was a strike is Thomas v. Terhune, case number 03-cv-5467 (E.D. Cal.). The complaint in this case was dismissed on April 18, 2006 because the allegations failed to state a claim on which relief may be granted.  See doc. no. 24 at 7 (findings and recommendation to dismiss action) and doc. no. 26 (order adopting findings and recommendations, dismissing action, and directing entry of judgment for defendants).  This qualifies as a strike. See Andrews, 398 F.3d at 1121 (dismissal for failure to state a claim counts as strike under § 1915(g)).

The second strike was the denial of Plaintiff's appeal of the court's dismissal and judgment in Thomas v. Terhune, case no. 06-15901 (9th Cir. 2006).  The district court had certified that

4

the appeal was not taken in good faith and revoked Plaintiff's IFP status.  Id. at doc. no. 7.  The Ninth Circuit reviewed the record, determined that Plaintiff was not entitled to IFP status on his appeal and ordered that he pay the filing fee within twenty-one days or the appeal would be dismissed for failure to prosecute.  Id.  Plaintiff did not pay the fee and, on September 8, 2006, the Ninth Circuit dismissed the appeal for failure to prosecute.  Id. at doc. no. 9.  This qualifies as a strike.  See O'Neal v. Price, 531 F.3d 1146, 1152 (9th Cir. 2008) (dismissal for failing to pay filing fee after court revokes IFP status counts as strike under § 1915(g)); see also Benyamini v. Mendoza, 2012 WL 1378526, at *2 (E.D. Cal.) ("dismissal of an appeal as frivolous after a district court dismissal on grounds that the action was frivolous counts as a strike").

The third strike was the denial of an appeal in Thomas v. Lamarque, case no. 07-16437 (9th Cir. 2007).  This is an appeal of the district court's July 20, 2007 order in case number C 03-3873 VRW (PR) (N.D. Cal.), denying injunctive relief and denying without prejudice Plaintiff's various motions and requests challenging conditions of confinement.  The district court indicated that the appeal was not taken in good faith.  See case no. C 03-3873 VRW (PR), doc. no. 89.  The Ninth Circuit issued an order indicating that it had reviewed the record, confirming that the appeal was not taken in good faith and revoking Plaintiff's IFP status.  See case no. 07-16437, doc. no. 17.  The Ninth Circuit notified Plaintiff that, if he did not pay the fee for the appeal, the appeal would automatically be dismissed for failure to prosecute.  Id.  Plaintiff did not pay the fee and, on

January 9, 2008, the Ninth Circuit dismissed the appeal for failure to prosecute.  Id., doc. no. 20.  Under O'Neal, 531 F.3d at 1152 and Benyamini, 2012 WL 1378526, at *2, the dismissal of this appeal counts as a strike under § 1915(g).

III. Collateral Estoppel

Defendants also argue that, under the doctrine of collateral estoppel, the judgments in Thomas v. Felker and Thomas v. Beutler prevent Plaintiff from re-litigating whether he is a three-strikes litigant under § 1915(g).  See Andrew v. Cervantes, 493 F.3d 1047, 1057 n.11 (9th Cir. 2006) ("[N]ormal preclusion principles will prevent a prisoner from avoiding the three-strike rule based on allegations rejected in an earlier case.").

For collateral estoppel to bar relitigation of an issue, the following elements must be satisfied: (1) the issue at stake must be identical to the one alleged in the previous litigation; (2) the issue must have been actually litigated by the party against whom preclusion is asserted; and (3) the determination of the issue in the previous case must have been a critical and necessary part of the judgment.  Trevino v. Gates, 99 F.3d 911, 923 (9th Cir. 1996).  Each of these elements is satisfied in Thomas v. Felker and Thomas v. Beutler.

First, the issue litigated in Felker and Beutler was identical to the one presented in this motion, that is, whether Plaintiff had accrued three strikes under § 1915(g).  This satisfies the first requirement for collateral estoppel.  Second, in both Felker and Beutler, the issue of whether Plaintiff had three strikes under § 1915(g) was the only issue litigated and thus it was "actually" litigated against Plaintiff, who is the

6

party against whom preclusion is asserted in this case.  This satisfies the second requirement for collateral estoppel.  Third, the § 1915(g) issue was a critical and necessary part of the judgments in both cases.  This satisfies the third requirement for collateral estoppel.  Also, the judgments in both cases are final.  See Defs' RJN Exs. A and C (documenting Plaintiff's appeals in Felker and the Ninth Circuit's rejections of the appeals); Defs' RJN Exs. B and C (documenting Plaintiff's appeal in Beutler and the Ninth Circuit's rejection of it).

Because the requirements for collateral estoppel are satisfied, Plaintiff is collaterally estopped from litigating whether he has accrued three strikes under § 1915(g).

IV. Plaintiff's Arguments

Plaintiff offers several arguments that the cases determined to be strikes in Thomas v. Felker and Thomas v. Beutler are not strikes.

First, he contends that none of the "strikes" indicates it was dismissed because it was frivolous, malicious or failed to state a claim as required by § 1915(g).  Plaintiff is incorrect that none of the strikes was dismissed on one of these grounds. As discussed above, Thomas v. Terhune was dismissed because Plaintiff's allegations failed to state a claim.  See Terhune, no. 03-cv-5467 (E.D. Cal.) doc. no. 24 at 7 (findings and recommendation to dismiss action because allegations failed to state a claim for relief); doc. no. 26 (order adopting findings and recommendations, dismissing action, and directing entry of judgment for defendants).  And, although the orders denying the appeals in Thomas v. Terhune and Thomas v. Lamarque did not

United States District Court
Northern District of California

explicitly indicate the appeals were malicious, frivolous or
failed to state a claim, this was implicit in the rulings.  See
Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002)
(revocation of IFP status appropriate where court finds appeal is
frivolous).

In Terhune, after the district court dismissed Plaintiff's
complaint because the allegations failed to state a claim, it
certified an appeal was not taken in good faith and revoked
Plaintiff's IFP status.  The Ninth Circuit independently reviewed
the record, found that the appeal was not taken in good faith and
revoked Plaintiff's IFP status on appeal.  A finding that the
appeal is not taken in good faith is the same as a finding that
the appeal is frivolous.  See Hooker, 302 F.3d at 1092.  When
Plaintiff did not submit the filing fee, the appeal was dismissed
for failure to prosecute.  Thus, the dismissals of the Terhune
complaint and appeal were based primarily on the finding that
they were frivolous; they were only secondarily dismissed because
Plaintiff failed to pay the filing fee.  Similarly, Plaintiff's
appeal of the court's order in the Lamarque case was primarily
based on the finding that the appeal was frivolous; it was only
incidentally based on Plaintiff's failure to pay the filing fee.

Second, Plaintiff argues that his cases were dismissed for
failure to pay the filing fee and, thus, should not count as
strikes under 28 U.S.C. § 1915(b)(4), which provides that no
"prisoner shall be prohibited from bringing a civil action or
appealing a judgment for the reason that the prisoner has no
assets and no means to pay the filing fee."  Plaintiff
mischaracterizes the courts' orders.  As discussed above,

United States District Court
Northern District of California

Plaintiff's case and appeals were not dismissed because he could not pay the filing fee. The grounds for dismissal were that his complaint failed to state a claim and his appeals were frivolous. As a result, Plaintiff's IFP status was revoked. That Plaintiff could not proceed without paying the filing fee does not change the fact that his IFP status was revoked on the grounds of frivolousness and failure to state a claim.

Third, Plaintiff argues that Felker and Buetler misapplied the holdings in O'Neal and Benyamini in ruling that the denials of his appeals were strikes. In O'Neal, the Ninth Circuit, interpreting federal IFP statutes, held that a court's dismissal of a case after it had denied the prisoner's IFP application because the complaint was frivolous, malicious or failed to state a claim counted as a strike under § 1915(g). O'Neal, 531 F.3d at 1152. Felker and Beutler applied the O'Neal holding in determining that the appeal of Thomas v. Terhune, No. 06-15901 was a strike. See Felker, C 09-2486, doc. no. 62 at 5; Beutler, C 10-1300, doc. no. 72 at 3-4. This was a proper application of O'Neal.

In Benyamini, the district court relied on Adepegba v. Hammans, 203 F.3d 383, 387-88 (5th Cir. 1996), to hold that dismissal of an appeal as frivolous after a district court dismissed the complaint on the ground that it was frivolous counts as a strike under § 1915(g). Benyamini, 2012 WL 1378526, *2. Felker and Beutler applied the Benyamini holding to determine that Plaintiff's appeal of Thomas v. Terhune, No. 06-15901 was a strike. See Felker, C 09-2486, doc. no. 62 at 5; Beutler, C 10-1300, doc. no. 72 at 3-4. This was a proper

United States District Court
Northern District of California

9

application of <u>Benyamini</u>.

Fourth, Plaintiff argues that collateral estoppel does not apply because he has not previously litigated the issue of deliberate indifference to his serious medical needs by Defendants. Plaintiff misconstrues the doctrine of collateral estoppel. Collateral estoppel compares the issue presently being litigated with the issue that was previously litigated. In this motion, the issue being litigated is whether Plaintiff is a three-strikes litigant under § 1915(g). The merits of Plaintiff's complaint, that is, whether Defendants violated Plaintiff's constitutional rights, are not at issue here. This means that whether Plaintiff previously litigated his substantive claims against Defendants is not relevant to whether he is collaterally estopped from litigating the previous holdings that he is a three-strikes litigant.

Plaintiff also argues that the magistrate judge and district court judges presiding in <u>Felker</u> and <u>Buetler</u> were biased against him and that the pre-filing order issued by the Ninth Circuit Court of Appeals is unreasonable because it allows the rejection of his appeals without a determination if they are frivolous, malicious or fail to state a claim for which relief may be granted. These last two arguments are without merit.

Therefore, Plaintiff's arguments fail to show that the cases discussed above are not strikes.

V. Imminent Danger

The plain language of the imminent danger clause in § 1915(g) indicates that imminent danger of serious physical injury is to be assessed at the time of filing the complaint, not

United States District Court
Northern District of California

1  at the time of the alleged constitutional violations.  Andrews v.

2  Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007); Abdul-Akbar v.

3  McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc).  The

4  plaintiff must show a nexus between the imminent danger alleged

5  in the complaint and the claims it asserts.  Pettus v.

6  Morgenthau, 554 F.3d 293, 299 (2nd Cir. 2009).  This means that

7  the plaintiff must show that (1) the imminent danger of serious

8  physical injury is fairly traceable to the unlawful conduct

9  asserted in the complaint and (2) a favorable judicial outcome

10  would redress that injury.  Id.

11      In 2014, when Plaintiff filed this complaint, he was

12  incarcerated at Corcoran State Prison.  Plaintiff's claim of

13  deliberate indifference to his serious medical needs is based on

14  the allegations that, in September and October 2010, when he was

15  incarcerated at SVSP, Dr. Darren Bright canceled all of

16  Plaintiff's medical mobility devices and J. Sepulveda denied

17  Plaintiff's appeal of Dr. Bright's decision.  Even liberally

18  construed, Plaintiff's allegations do not show that, at the time

19  he filed his complaint, he was in imminent danger of serious

20  physical injury from Defendants' actions which occurred in 2010

21  at a different prison.

22      Plaintiff argues that he is in imminent danger as a result

23  of Defendants' actions because the medical staff at each

24  institution to which Plaintiff has been transferred based their

25  "continuation of denying and depriving Plaintiff's reinstatement

26  of his orthopedic mobility assistive devices and apparatuses on

27  Defendants Bright's and Sepulveda's opinionated medical

28  determinations."  Opp. at 26.  However, imminent danger is

11

United States District Court
Northern District of California

assessed from the complaint, not from Plaintiff's post-hoc arguments; the complaint contains no allegations that Plaintiff was in imminent danger as a result of Defendants' actions. Furthermore, as explained in the Court's denial of Plaintiff's motion for a preliminary injunction, the Court lacks jurisdiction over individuals at Plaintiff's present prison and, thus, a favorable judicial ruling on his claims would not redress his alleged present imminent danger.  Therefore, the imminent danger exception under § 1915(g) does not apply.

Based on the foregoing, Defendants' motion to revoke Plaintiff's IFP status is granted.  Plaintiff's IFP status is revoked and he is barred from proceeding IFP in this action.

When IFP status is revoked pursuant to § 1915(g), the district court may dismiss the action without prejudice to re-filing with payment of fees at the time the action is re-filed. See Tierney v. Kupers, 128 F.3d 1310, 1311 (9th Cir. 1998) (under § 1915(g), case was properly dismissed without prejudice to re-filing with payment of filing fees); O'Neal, 531 F.3d at 1152 (when court denies application to proceed IFP on ground that complaint is frivolous, malicious or fails to state a claim, it may thereupon terminate the complaint).

CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Defendants' motion for revocation of Plaintiff's IFP status is granted.  Doc. No. 17.  The Order entered on June 12, 2014 (Doc. No. 6), granting Plaintiff leave to proceed IFP, is VACATED and Plaintiff's IFP status is REVOKED.

12

2. This case is dismissed without prejudice to Plaintiff's re-filing it with payment of the $400 filing fee.

3. The Clerk of the Court shall terminate all motions, enter a separate judgment and close the file.

IT IS SO ORDERED.

Dated:  October 23, 2014

_____
CLAUDIA WILKEN
United States District Judge